contrary, the facts show that it had full knowledge of what was being done at all times, and for some reason within its own keeping, failed and neglected to take timely action to obtain a hearing, and wholly fails to show any reasonable excuse for such delay and inaction.

So appellant, in my opinion, has not only failed to show reversible error, but has likewise wholly failed to make even a *prima facie* case of great injustice, which may in exceptional cases of great hardship, justify this court in directing a rehearing in order to give a diligent party an opportunity to right an apparent wrong for which there is no other adequate remedy.

## QUINN v. GREEN.

[No. 10,517. Filed October 15, 1920. Rehearing denied February 1, 1921. Transfer denied May 20, 1921.]

APPEAL.— *Review.—Evidence.—Sufficiency.—Affirmance.*—Where the only question presented on appeal is the sufficiency of the evidence to sustain the trial court's decision, and there is some evidence to sustain it, the judgment will be affirmed.

From Clark Circuit Court; *James W. Fortune*, Judge.

Action between Joseph Quinn and James Green. From the judgment rendered, the former appeals. *Affirmed.*

*James L. Bottorff* and *Joseph H. Warden*, for appellant.

*Warren B. Allison* and *Thomas H. Stradley*, for appellee.

REMY, J.—The sufficiency of the evidence to sustain the decision of the trial court is the only question involved in this appeal. There is some evidence to sustain the trial court's decision. Judgment affirmed.